**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARION JOHNSON and LATISHA JOHNSON-GOLDEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| OFFICER REBECCA TIDEI #19359, OFFICER MICHAEL SAS #19212, OFFICER PAWEL SWIERCZYNSKI #7974, OFFICER MARCUS GRIFFITH # 16305, OFFICER WILLIAM KENNEDY #3206, OFFICER ERIK LOPEZ # 4188, OFFICER PAULINA FLORCZYKOWSKA #5139, OFFICER CHRISTIAN BARTINICKI #8009, OFFICER GREG SCHMIT #1086, CAPTAIN GILTMORE # 42 DETECTIVE M J WALSH #20028 DETECTIVE GERARDO GUEVARA #20005, DETECTIVE D E WARREN #20253, The City of Chicago, A Municipal Corporation. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Magistrate Judge Jury Demand |
| Defendants. | ) | |

**COMPLAINT**

NOW COME the Plaintiffs, MARION JOHNSON ("JOHNSON") and LATISHA JOHNSON-GOLDEN ("GOLDEN"), by and through counsel, **C. NORRIS LAW GROUP, LLC**, and complaining of the defendants, DETECTIVE GERARDO GUEVARA ("GUEVARA") #20005, Detective D WARREN ("WARREN") #20253, DETECTIVE M J WALSH ("WALSH") # 20028, OFFICER REBECCA TIDEI ("TIDEI") #19359, OFFICER MICHAEL SAS ("SAS") #19212, OFFICER PAWEL SWIERCZYNSKI ("SWIERCZYNSKI") #7974, CAPTAIN GLITMORE ("GLITMORE") #42, OFFICER MARCUS GRIFFITH ("GRIFFITH") #16305,

1

OFFICER WILLIAM KENNEDY ("KENNEDY") #3206, OFFICER ERIK LOPEZ ("LOPEZ") #4188, OFFICER PAULINA FLORCZYKOWSKA ("FLORCYKOWSKA") #5139, OFFICER CHRISTIAN BARTINICKI ("BARTINICKI ") #8009, OFFICER GREG SCHMIT ("SCHMIT") #1086, states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs, JOHNSON and GOLDEN, accomplished by acts and/or omissions of the Defendants, GUEVARA, WARREN, WALSH , TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The United States District Court for the Northern District of Illinois is the proper federal venue for this action, pursuant to Title 28 of the U.S.C., Section 1391(b), because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4. The Plaintiffs, JOHNSON and GOLDEN, are citizens of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendants GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT, at the time of this occurrence, duly licensed Chicago Police Officers. They

2

engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Officer.

## FACTS

7. On January 18 2020, JOHNSON and GOLDEN were shopping in a store located at or near 2527 W. Cermak Road, Chicago, Illinois when they were falsely accused by another shopper and her daughter of theft.

8. JOHNSON and GOLDEN informed the accuser they did not steal anything and tried leaving the store when the accusing mother became aggressive and grabbed JOHNSON.

9. Without any valid basis, the hostile accuser followed JOHNSON and GOLDEN out of the store and called the police as she followed JOHNSON and GOLDEN for miles in her car.

10. The accuser's allegations were ridiculous and did not provide any plausible basis that JOHNSON or GOLDEN committed a crime.

11. GLITMORE pulled over JOHNSON and GOLDEN and she approached the vehicle with her gun drawn and pointed at the Plaintiffs.

12. At some point after GLITMORE approached the vehicle, Officers TIDEI, SAS, SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT approached the vehicle with their guns drawn and pointed at JOHNSON and GOLDEN.

13. The officers ordered JOHNSON and GOLDEN to get out of the vehicle and searched the vehicle without probable cause.

14. Despite having no probable cause for arrest, TIDEI, SAS, SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, placed and/or facilitated JOHNSON'S and GOLDEN'S arrest and took them to the 12th Police District.

15. Detectives WARREN, WALSH and GUEVERA investigated the false accusations and sought felony charges against JOHNSON and GOLDEN for theft which were approved based upon false statements from the accuser, her daughter, and the arresting officers.

16. Shortly thereafter, Detectives WARREN, WALSH and GUEVERA, reviewed the security footage from the store and saw that it did not comport with the accuser's testimony which proved JOHNSON'S and GOLDEN'S innocence.

17. JOHNSON and GOLDEN had a preliminary hearing on February 6, 2020.

18. At the preliminary hearing, GUEVERA provided false testimony against JOHNSON and GOLDEN for a crime he knew they did not commit.

19. Furthermore, despite reviewing the video, Guevara repeated the false testimony from the accuser's daughter, knowing she could not have viewed the crime because she was nowhere near them during the alleged incident.

20. As a result of WARREN, GUEVARA and WALSH'S pursuit of felony charges and false testimony, JOHNSON and GOLDEN were incarcerated during pretrial.

21. While falsely detained, JOHNSON contracted COVID-19 and significantly suffered harm.

22. To this day, JOHNSON still suffers from the effects of COVID.

23. Based upon GUEVARA'S blatant misconduct at the preliminary hearing on November 20, 2020, JOHNSON'S attorney moved to dismiss the indictment.

24. Before the judge could rule on JOHNSON'S motion, the state's attorney's office dismissed all charges against JOHNSON and GOLDEN in a manner indicative of their innocence.

## COUNT I: 42 U.S.C. § 1983 – EXCESSIVE FORCE

1-24. Each of the following paragraphs are incorporated as if fully restated herein.

25. At the time SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS, and GLITMORE approached JOHNSON and GOLDEN with their guns drawn, the Plaintiffs were not committing any crime or posed any danger.

26. The Seventh Circuit has held that pointing a gun at an individual who presents no danger is a seizure and constitutes excessive force in violation of their Fourth Amendment rights. *See Baird v. Renbarger*, 576 F.3d 340, 344-347 (7th Cir. 2009); *See also Jacobs v. City of Chicago,* 215 F. 3d 758, 773-74 (7th Cir. 2000).

27. The force that SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS, and GLITMORE used against JOHNSON AND GOLDEN was unreasonable and excessive in violation of the their Fourth and Fourteenth Amendment rights to the United States Constitution as enforced by 42 U.S.C. §1983.

28. The actions of SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS, and GLITMORE were intentional, willful and wanton.

29. As a result of SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS, and GLITMORE actions JOHNSON and GOLDEN were injured.

30. The aforementioned actions were the direct and proximate cause of the Constitutional violations set forth above, and caused the Plaintiffs, JOHNSON and GOLDEn, to suffer without limitation, physical injury, pain and suffering, humiliation, and emotional distress.

**WHEREFORE**, Plaintiffs, JOHNSON and GOLDEN, respectfully requests that this Court enter judgment in her favor and against Defendants, SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS, and GLITMORE, and award compensatory damages, punitive damages, costs, and attorney's fees against Defendants, as well as any other relief that this Court deems just and equitable.

## COUNT II- 42 U.S.C. § 1983 FALSE ARREST

1-30. Each of the following paragraphs are incorporated as if fully restated herein.

31. At the time SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI and SAS approached JOHNSON and GOLDEN they were not committing any crime.

32. The actions of SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS, as described above, knowingly caused JOHNSON and GOLDEN to be arrested and imprisoned without probable cause or any other justification.

33. As a direct and proximate cause of SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS caused JOHNSON and GOLDEN to suffer violations of their constitutional rights, emotional anxiety, fear humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE** the Plaintiffs, JOHNSON and GOLDEN, demand judgment against SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

1-33. Each of the following paragraphs are incorporated as if fully restated herein.

34. GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT accused JOHNSON and GOLDEN of criminal activity knowing those accusations to be unsupported by genuine probable cause.

35. GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT caused JOHNSON and GOLDEN to be improperly subjected to judicial proceedings for unsupported by probable cause.

36. Due to the malicious actions of GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT the criminal charges against JOHNSON and GOLDEN were approved.

37. This caused JOHNSHON to be detained without probable cause from 1/18/2020 to 12/1/2020 and GOLDEN to be detained without probable cause from 1/18/2020 to 1/23/2020.

38. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

39. As outlined above, GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT caused JOHNSON and GOLDEN to be detained without probable cause in violation of their Fourth and Fourteenth Amendment rights.

40. The misconduct of GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI,

SCHMIT as outlined above proximately caused injury to JOHNSON and GOLDEN, including but not limited to: loss of liberty, emotional pain, suffering and lost wages.

**WHEREFORE** the Plaintiffs, JOHNSON and GOLDEN, demand judgment against SWIERCZYNSKI, GRIFFITH, KENNEDY, LOPEZ, FLORCZYKOWSKA, BARTINICK, SCHMIT, TIDEI, SAS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: Malicious Prosecution

1-40. Each of the following paragraphs are incorporated as if fully restated herein.

41. GUEVERA, WARREN, WALSH and the City of Chicago, through its employees and agents, proceeded with the charges knowing they were false.

42. Moreover, GUEVERA made false statements during the preliminary hearing intending to mislead the Court to believe that JOHNSON and GOLDEN committed the crime and there was probable cause to arrest and detain her.

43. The Defendants', GUEVERA, WARREN, WALSH and THE CITY OF CHICAGO, through its employees and agents, actions were intentional, willful and wanton.

44. The Public Defender litigated the matter and the charges were eventually resolved in favor of the Plaintiffs. Moreover, the charges against both JOHNSON and GOLDEN were dismissed by the State's Attorney in a manner indicative of their innocence.

45. As a result of the actions of the GUEVERA, WARREN, WALSH and THE CITY OF CHICAGO, through its employees and agents, JOHNSON and GOLDEN suffered fear, emotional distress, anxiety, physical harm, anxiety, loss of liberty, and monetary expenses.

**WHEREFORE**, JOHNSON and GOLDEN pray for judgment in their favor and against GUEVERA, WARREN, WALSH, and THE CITY OF CHICAGO, through its employees and agents, for reasonable compensatory and punitive damages, plus costs.

### COUNT V: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

1-45. Each of the foregoing paragraphs are incorporated as if fully restated herein.

46. As described more fully above, WARREN, WALSH and GUEVERA, reached an agreement amongst themselves to punish JOHNSON and GOLDEN for a crime they did not commit, and to thereby deprive JOHNSON and GOLDEN of their Constitutional rights, all as described more fully throughout this Complaint.

47. In this manner, WARREN, WALSH and GUEVERA, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

48. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

49. As a direct and proximate result of the illicit prior agreement referenced above, JOHNSON'S AND GOLDEN'S rights were violated, and they suffered damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

50. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the JOHNSON'S and GOLDEN'S rights.

51. As a proximate result of the above-detailed actions of WARREN, WALSH and GUEVERA, JOHNSON and GOLDEN was injured, including the deprivation of their liberty. In addition, the violations proximately caused JOHNSON and GOLDEN mental

anguish, embarrassment, and humiliation, exposed them to public scandal, disgrace, and caused them to incur various expenses, all to their damages.

**WHEREFORE** the Plaintiffs, JOHNSON and GOLDEN, purusant to 42 U.S.C. §1983, demand judgment against the Defendants, GUEVARA, WARREN and WALSH, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII – RESPONDEAT SUPERIOR

1-51. Each of the foregoing paragraphs are incorporated as if fully restated herein.

52. In committing the acts alleged in this Complaint, each of the individually named Defendants GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT, were acting withing their scope of employment as agents of THE CITY OF CHICAGO.

53. In committing the acts alleged in this Complaint the Defendant, THE CITY OF CHICAGO is liable as principle for all torts in violation of state law committed by its agents.

54. The Plaintiffs, JOHNSON and GOLDEN, suffered damages for her mental health emotional injury and pain, mental anguish, humiliation, and embarrassment that were inflicted by the individual officers from the Chicago Police Department acting under employment of the City of Chicago.

**WHEREFORE,** the Plaintiffs, JOHNSON and GOLDEN, prays for judgment in her favor and against the Defendant, THE CITY OF CHICAGO, for the compensatory damages of its employees, GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI,

GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT, plus costs.

## COUNT VI - INDEMNIFICATION

1-55. Each of the foregoing paragraphs are incorporated as if fully restated herein.

56. Illinois law provides that public entities are directed any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

57. Defendants GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT were employees of THE CITY OF CHICAGO, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE ,** should the Defendants GUEVARA, WARREN, WALSH, TIDEI, SAS, SWIERCZYNSKI, GLITMORE, GRIFFITH, KENNEDY, LOPEZ, FLORCYZKOWSKA, BARTINICKI, SCHMIT, be found liable for any of the acts alleged above, Defendant THE CITY OF CHICAGO would be liable to pay JOHNSON and GOLDEN any judgment obtained against said Officers.

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

By: /s/ **BRIAN OROZCO**

*One of Plaintiff's Attorneys*

Attorney Brian Orozco
C. Norris Law Group, LLC.
900 W. Jackson, Suite 6E
Chicago, IL, 60607
brian@cnnorrislaw.com